UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> (2) MICHAEL PRYOR, a/k/a "Money," <br><br> Defendant. | 4:25-CR-40080-RAL-2 <br><br> OPINION AND ORDER DENYING MOTION TO DISMISS INDICTMENT |

On January 9, 2025, Defendant Michael Pryor moved pro se to dismiss the indictment, which alleges that he, along with his two co-defendants, Dennis Stanish and Belinda Deberry, participated in a conspiracy to distribute 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docs. 76, 83.[1] Moving under the Fifth Amendment Due Process clause and "the Court's inherent supervisory authority," Pryor asserts that the indictment must be dismissed due to alleged violations of his Fourth Amendment rights and alleged withholding of discovery by the Government. Doc. 83. The Government responds that Pryor has not raised appropriate grounds to justify dismissal of the indictment. Doc. 86. Because dismissal of the indictment is not an available remedy to address the conduct that Pryor alleges, the motion to dismiss the indictment is denied.

---

[1] As of August 26, 2025, Pryor has proceeded as pro se with Assistant Federal Public Defender Matthew Powers as stand-by counsel. Docs. 59, 60.

1

Motions to dismiss are governed by Federal Rule of Criminal Procedure 12, which states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016) (quoting United States v. Covington, 395 U.S. 57, 60 (1969)). A court "must decide every pretrial motion before trial unless it finds good cause to defer a ruling" and "must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d). "Courts may not . . . make factual findings when an issue is 'inevitably bound up with evidence about the alleged offense itself.'" Turner, 842 F.3d at 605 (quoting United States v. Grimmett, 150 F.3d 958, 962 (8th Cir. 1998)).

A motion to dismiss an indictment is only an appropriate remedy under certain circumstances. Dismissal of an indictment is not an appropriate remedy for a Fourth Amendment violation. United States v. Chavez, 705 F.3d 381, 386 (8th Cir. 2013). However, dismissal of an indictment may be an appropriate remedy when the Government has violated a defendant's due process rights. See United States v. Jones, 70 F.4th 1109, 1112 (8th Cir. 2023). For example, "[t]o determine whether a delay in presentment violates substantive due process, this court determines whether, based on the totality of the circumstances, the government's conduct 'offends the standards of substantive due process' and 'shocks the conscience.'" Id. (quoting Hayes v. Faulkner Cnty., 388 F.3d 669, 674 (8th Cir. 2004)). "The level of outrageousness needed to prove a due process violation is 'quite high,' and the government's conduct must 'shock the conscience of the court.'" United States v. Pardue, 983 F.2d 843, 847 (8th Cir. 1993) (quoting United States v. Jacobson, 916 F.2d 467, 469 (8th Cir. 1990)). See United States v. Boone, 437 F.3d 829, 841

(8th Cir. 2006) ("Outrageous government conduct that shocks the conscience can require dismissal of a criminal charge, but only if it falls within the 'narrow band' of the 'most intolerable government conduct.'" (quoting Pardue, 983 F.2d at 847)).

Pryor first argues that "the Government initiated an illegal stop based on a fabricated justification." Doc. 83 at 1. Pryor continues to review the details of his initial traffic stop and highlights that he has not been charged with "any white-line or lane violation," the initial justification for the stop. Id. at 2–3. Pryor further disputes the legality and accuracy of law enforcement materials documenting the stop and subsequent arrest as well as the use of this evidence in his current prosecution. See id. at 2–5. Pryor argues, "Federal law is clear that the Government cannot rely on a defendant's reaction to unconstitutional police conduct to salvage an otherwise illegal seizure." Id. at 4. An alleged Fourth Amendment violation may justify suppression of evidence[2] but not dismissal of an indictment, so Pryor's request to dismiss the indictment on these grounds is denied. Chavez, 705 F.3d at 386.

Pryor also argues that dismissal of the indictment is appropriate given the Government's alleged withholding of essential discovery, specifically "audio recordings associated with the stop that occurred during a meeting with the DEA and state troopers before the initial stop took place." Doc. 83 at 6. Pryor asserts this alleged withholding has prevented him from the "litigation of constitutional claims." Id. at 7. The Government responds that it has never received a request from Pryor for such an audio recording. Doc. 86 at 5. Judge Duffy previously found in denying Pryor's pro se Motion to Compel, Doc. 71, that the Government had turned over or was in the process of turning over all discovery sought by Pryor. Doc. 75 at 3–4. Judge Duffy attached a

---

[2] The deadline for motions to suppress evidence has passed, and Pryor seeks no continuance at this time.

copy of D.S.D. Crim. LR 16.1 to assist Pryor with further compliance with Local Rule 16.1's requirement that the parties confer in good faith with each other and try to resolve their discovery disputes prior to filing a discovery motion. Id. at 2; Doc. 75-1. Nothing alleged in Pryor's pending motion "offends the standards of substantive due process" or "shocks the conscience" of this Court. Jones, 70 F.4th at 1112. Given the Government's compliance with discovery rules, the Government's conduct in discovery does not rise to the level of a due process violation requiring dismissal of an indictment, and this Court denies Pryor's request to dismiss the indictment on this ground. See id.

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss Indictment, Doc. 83, is denied.

DATED this 28th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE